NEW YORK MERCHANDISE CO. v. UNITED STATES

**No. 5551.**—Invoice dated Kobe, Japan, February 6, 1939.
Certified February 7, 1939.
Entered at Los Angeles, Calif., February 28, 1936.
Entry No. 7190.

(Decided January 9, 1942)

*Harper & Harper* (*Abraham Gottfried* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*James F. Donnelly* and *Daniel I. Auster*, special attorneys); for the defendant.

WALKER, Judge: The issue raised on the trial of this appeal to reappraisement is the legality of the appraisement. Plaintiff contends that the appraisement is null and void for the reason that there was a failure on the part of the collector to designate for examination a sufficient number of packages as required by section 499 of the Tariff Act of 1930, or, if a sufficient number of packages was designated, that the examiner or appraising officer failed to examine them.

It appears from the record that there were 6 invoices involved in the entry, covering a total of 279 cases; that 24 cases were designated by number to be examined, the rest being covered by a notation "Examine at Dock," and that 23 of the cases designated were examined, one having been short shipped. None of the cases covered by the notation "Examine at Dock" was actually examined.

Upon this showing plaintiff rested, and there being no evidence offered on the part of the defendant, the case was submitted for

decision. In the brief filed on behalf of the plaintiff the cases of *United States* v. *Canada Packers, Ltd.*, Reap. Dec. 4417, *United States* v. *John A. Steer & Co.*, Reap. Dec. 4718, *United States* v. *Davis*, 20 C. C. P. A. 305, T. D. 46087, and *United States* v. *Daniel F. Young, Inc., et al.*, 27 C. C. P. A. 124, C. A. D. 73, are cited.

Examination of the summary sheet, customs Form 6417, shows that although the examiners made their examination of the merchandise on March 7, 1936, appraisement did not take place until July 27, 1939. Section 499 of the Tariff Act of 1930 was amended by the Customs Administrative Act of 1938 (reported in T. D. 49646) to read, so far as pertinent to the issue herein, as follows:

SEC. 499. EXAMINATION OF MERCHANDISE.

Imported merchandise, required by law or regulations made in pursuance thereof to be inspected, examined, or appraised, shall not be delivered from customs custody, except under such bond or other security as may be prescribed by the Secretary of the Treasury to assure compliance with all applicable laws, regulations, and instructions which the Secretary of the Treasury or the Customs Service is authorized to enforce, until it has been inspected, examined, or appraised and is reported by the appraiser to have been truly and correctly invoiced and found to comply with the requirements of the laws of the United States. The collector shall designate the packages or quantities covered by any invoice or entry which are to be opened and examined for the purpose of appraisement or otherwise and shall order such packages or quantities to be sent to the public stores or other places for such purpose. Not less than one package of every invoice and not less than one package of every ten packages of merchandise, shall be so designated unless the Secretary of the Treasury, from the character and description of the merchandise, is of the opinion that the examination of a less proportion of packages will amply protect the revenue and by special regulation or instruction, the application of which may be restricted to one or more individual ports or to one or more importations or one or more classes of merchandise, permit a less number of packages to be examined. * * *

No appraisement made after the effective date of the. Customs Administrative Act of 1938 shall be held invalid on the ground that the required number of packages or the required quantity of the merchandise was not designated for examination or, if designated, was not actually examined, *unless the party claiming such invalidity shall establish that merchandise in the packages or quantities not designated for examination, or not actually examined, was different from that actually examined and that the difference was such as to establish the incorrectness of the appraiser's return of value; and then only as to the merchandise for which the value returned by the appraiser is shown to be incorrect.* [Italics added.]

The effective date of the Customs Administrative Act of 1938 was July 25, 1938, and the merchandise in issue was appraised on July 27, 1939.

No effort was made on behalf of the plaintiff to offer proof in connection with the requirement of the italicized language quoted above, and none of the cases cited by the plaintiff can have any bearing on the issue since the act as it existed at the time they arose did not contain the last paragraph above set forth.

From the foregoing it is obvious that the plaintiff has failed to sustain the burden resting upon it with respect to the proof required under section 499, *supra*, as amended, and judgment will therefore issue dismissing the appeal to reappraisement.